United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Toni Lagrimas, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 24-24876-Civ-Scola |
| | ) |
| MSC Cruises S.A., Defendant. | ) |

### Order on Motion to Dismiss

This cause comes before the Court upon the Defendant's motion to dismiss the complaint. (ECF No. 9.) The Plaintiff has filed a response (ECF No. 11), and the Defendant has filed a reply (ECF No. 12). The Court has considered the briefing, the record, the relevant legal authorities, and is otherwise fully advised. For the reasons that follow, the Court **denies** the Defendant's motion to dismiss. (**ECF No. 8**.)

### 1. Background

The Plaintiff, Toni Lagrimas, was a passenger on the MSC *Magnifica* on December 12, 2023. (Compl., ECF No. 1 ¶ 11.) On that date, Lagrimas was walking across the marble area on Deck 5 of the *Magnifica*. (*Id.* ¶¶ 12-13.) The marble area was raised above the carpeted floor of Deck 5. (*Id.* ¶ 12.) However, the steps along the marble floor were shiny and consisted of the same flooring material as the marble floor itself, "which created an optical illusion." (*Id.* ¶ 13.) Lagrimas thus "missed the step, fell, and suffered severe injuries." (*Id.* ¶ 17.) Notably, "when ascending the steps," "there [wa]s a discreet, green 'Watch Your Step' sign[.]" (*Id.* ¶ 14 n.1).

As a result of the incident, Lagrimas brought this lawsuit, alleging four counts of negligence: (1) negligent failure to inspect; (2) negligent failure to maintain; (3) negligent failure to warn; and (4) negligent design, installation, and approval of the subject area and vicinity. (*Id.* at 9-16.)

### 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to

state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (cleaned up). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### 3. Discussion

The Defendant argues that Lagrimas's complaint should be dismissed in its entirety because she fails to allege that the Defendant had actual or constructive notice of the allegedly dangerous condition that caused her fall, *i.e.*, the stair with the optical illusion. (Def.'s Mot., at 1-2.) Therefore, the Court begins with a discussion of general maritime principles and then applies them to Lagrimas's complaint.

### A. General Maritime Principles

"In analyzing a maritime tort case," the Court "rel[ies] on general principles of negligence law." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (citation omitted). Thus, the Plaintiff must show that Carnival (1) "had a duty to protect the plaintiff from a particular injury;" (2) Carnival "breached that duty; (3) the breach actually and proximately caused [the Plaintiff's injury]; and (4) [the Plaintiff] suffered actual harm." *Id.* (citation omitted). "[A] shipowner owes the duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew." *Id.* (quoting *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959) (emphasis in *Chaparro*)).

Moreover, in order to impose liability on a shipowner for creating or maintaining a dangerous condition, "the carrier must have had actual or constructive notice of the risk-creating condition." *Tuite v. Carnival Corp.*, 713 F. Supp. 3d 1338, 1344 (S.D. Fla. 2024) (cleaned up) (quoting *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989)). Thus, "a cruise ship operator's liability hinges on whether it knew or should have known about the dangerous condition." *Id.* at 1345 (quoting *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019)). "Without actual notice, the Eleventh Circuit's notice requirement demands evidence that a cruise ship operator 'should have known' about the unreasonably dangerous condition before negligence liability can attach." *Id.* (citing *Guevara*, 920 F.3d at 720). This can be done by providing evidence "(1) that the defective condition existed for a sufficient

period of time to invite corrective measures,"; or (2) "of substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior accident." *Id.* (cleaned up).

### B. Whether Lagrimas's Complaint Sufficiently Alleges Notice

The Defendant believes that "[w]ith nothing more than 'threadbare recitals of the cause of action' and 'legal conclusions,' [Lagrimas] is unable to impute actual or constructive notice onto MSC, as her allegations do not establish that MSC had (1) actual notice, (2) that the alleged <u>risk creating condition</u> existed for a sufficient length of time, or (3) that substantially similar incidents had occurred." (Pl.'s Mot., at 10 (citations omitted).)

In response, Lagrimas argues that she has sufficiently pled notice because the complaint alleges that (1) there was a warning sign placed near the stairs; and (2) there were three instances of similar falls on the Defendant's cruise ships. (Pl.'s Resp., at 3-5.)

Lagrimas has the better of the argument. In *Guevara*, the Eleventh Circuit found, at the summary judgment stage, that a sign that warned passengers to "watch your step" was sufficient evidence that the defendant was on actual or constructive notice of the dangerous condition. *See* 920 F.3d at 721-22. In doing so, the Eleventh Circuit noted that "[n]ot all warning signs will be evidence of notice," because "there must also be a connection between the warning and the danger." *Id.* at 721 (citing *Taiariol v. MSC Crociere S.A.*, 677 F.App'x 599 (11th Cir. 2017)). The Eleventh Circuit in *Guevera* found a sufficient connection between the warning sign and the danger because Guevera had alleged that the step itself was the dangerous condition: the "warning sign mean[t] precisely what it says . . . to caution persons on the ship that the step was there." *Id.* (cleaned up).

Like the plaintiff in *Guevera*, Lagrimas alleges that the "Watch Your Step" sign was to warn passengers of the presence of the step—the step being, in Lagrimas's complaint, the dangerous condition. (*See* Compl., ¶ 13.) Thus, Lagrimas alleges "a sufficient connection between the warning and the danger—the step down." *Guevera*, 920 F.3d at 721.

The Defendant's arguments to the contrary are unavailing. The Defendant contends that "the sign cited by Plaintiff here does not relate to any alleged deception, nor is it connected to the lighting, flooring, or lack of handrail that allegedly caused [Lagrimas's] fall." (Def.'s Reply at 4.) The Defendant also argues that "[t]he mere presence of a general cautionary sign does not impute knowledge of a purported latent design flaw, especially when [Lagrimas's] claim rests on allegations that the step was an 'optical illusion'

caused by marble flooring, not the presence of a step per se." (*Id.* at 5.) The Court disagrees. Lagrimas does cite other conditions in her complaint, such as a lack of handrail and inadequate lighting near the marble area staircase. (*See* Compl. ¶¶ 15-16.) But the Court must make all reasonable inferences in Lagrimas's favor. *See Pielage*, 516 F.3d at 1284. Doing so, the "Watch Your Step" sign near the at-issue step demonstrates that the Defendant had notice that various circumstances created a dangerous condition—the presence of a step that was not visible due to "an optical illusion." (Compl. ¶ 13); *see also Guevara*, 920 F.3d at 721-22.

Because the Court concludes that Lagrimas has sufficiently pled notice through the presence of the warning sign, the Court need not determine whether Lagrimas's complaint sufficiently pleads notice through prior similar incidents.

### 4. Conclusion

For the foregoing reasons, the Court **denies** the Defendant's motion to dismiss (**ECF No. 9**).

**Done and ordered** in Miami, Florida, on March 27, 2025.

_____
Robert N. Scola, Jr.
United States District Judge